# IN RE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FLC HOLDING COMPANY, | ) | Case No. 13-24125 |
| F/K/A PNA HOLDING COMPANY, | ) | Hon. Janet S. Baer |
| an Illinois Corporation | ) | |
| | ) | |
| Debtor. | ) | |

### ILLINOIS DEPARTMENT OF INSURANCE'S MOTION TO INTERVENE PURSUANT TO RULE 2018(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 1109(b) OF THE BANKRUPTCY CODE

TO:  THE HONORABLE JANET S. BAER,
     UNITED STATES BANKRUPTCY JUDGE:

The Illinois Department of Insurance, by its attorney, Lisa Madigan, Illinois Attorney General, for its motion to intervene in the above captioned proceeding pursuant to Rule 2018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Section 1109(b) of title 11 of the United States Code (the "Bankruptcy Code) states as follows:

### Background

1. On June 11, 2013 (the "Petition Date"), the debtor, FLC Holding Company f/k/a PNA Holding Company filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor has remained in possession of its assets and has continued to operate its business as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. The Polish National Alliance of the United States of N.A., an Illinois domestic fraternal benefit society (the "Alliance"), is the sole shareholder of the Debtor. The Debtor is the sole shareholder of PNA Bank, a federal savings bank.

3. The Alliance issues life insurance and annuity certificates, and is subject to regulation by the Illinois Department of Insurance. The Alliance has 138,000 members, each of whom is the owner of a life insurance or annuity certificate.

4. In the first quarter of 2013, the Alliance funded on an unsecured basis amounts totaling $50,000 for legal fees of the Debtor.

5. On or about May 22, 2013, the Debtor established a line of credit with the Alliance in the amount of $250,000.  That line of credit was secured with stock of PNA Bank. As of the Petition Date, the Debtor had already drawn $150,000 on the line of credit to fund its legal fees.

6. On July 17, 2013, the Debtor filed a motion to authorize post-petition financing (the "DIP Motion"), by obtaining additional financing from the Alliance. The Debtor is requesting an additional $100,000 from the line of credit with the Alliance to fund its legal fees in this proceeding. This sum is in addition to the $200,000 total that the Alliance has already funded for the Debtor's legal fees thus far.

7. The Illinois Department of Insurance ("the Department") is the entity charged with regulating the Alliance, including ensuring its financial stability and its compliance with the terms of the Illinois Insurance Code and accompanying rules and regulations.

8. The Department has concerns regarding the effect on the surplus of the Alliance should the Court grant the DIP Motion.  In addition, the Department believes

that the interests of the members of the Alliance will not be served should the additional draw on the line of credit be approved. As a result, the Department now seeks to intervene and for leave to file an objection to the Debtor's DIP Motion.

### Relief Requested

9. The Department seeks to intervene in this matter pursuant to Section 1109(b) of the Bankruptcy Code and Rule 2018(a) of the Bankruptcy Rules for purposes of opposing the Debtor's "DIP Motion."

10. In addition, the Department has the right to appear and be heard under Section 1109(b) of the Bankruptcy Code which provides that "a party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

11. The term "party in interest" is not limited by the list of examples in § 1109(b); rather this section is construed broadly by courts to permit parties affected by the proceeding to appear and be heard. *See In Re Amatex Corp.*, 755 F.2d 1034 (3rd Cir. 1985). In interpreting this term, the Seventh Circuit has stated that anyone with a "protected interest that could be affected by a bankruptcy proceeding is entitled to assert that interest with respect to any issue to which it pertains." *In re James Wilson Assoc.,* 965 F.2d 160, 169 (7th Cir.1992).

12. Further, Bankruptcy Rule 2018(a) provides that "the court may permit any interested entity to intervene generally or with respect to any specified matter." Fed. R. Bankr. P. 2018(a).

13. Bankruptcy courts have previously held that state regulators are entitled to intervene as a party affected by a bankruptcy case where, under applicable state law, the regulator is charged with the duty of supervising the company/entity involved in the proceeding. See *In re Citizens Loan & Thrift Co.*, 7 B.R. 88 (N.D. Iowa 1980). In *Citizens Loan & Thrift Co.*, a state auditor filed a motion to intervene in the proceeding arguing that it was a "party in interest." 7 B.R. at 89-90. There, the debtor was an industrial loan company. *Id.* at 90. The state auditor was the entity charged with supervision of industrial loan companies under applicable state law, thus the court determined that it was a "party affected by the proceedings." *Id.* The court noted that the State had a compelling interest in the proceeding because it had a continuing duty to supervise the debtor. *Id*. This is especially true in the context of Chapter 11 proceedings, where if reorganization is successful, the debtor, and related entities, would stay in business and be the subject of continued regulation. *Id.*

14. Similarly, here, the Department is the entity charged with regulating the Alliance, the sole shareholder of the Debtor. The Department and the Director of Insurance are vested with powers to oversee insurance companies in the State of Illinois as well as conduct examinations and investigations, and enforce applicable insurance laws. *See* 215 ILCS 5/401. The Department has a continuing obligation to oversee and supervise the affairs of the Alliance to ensure stability, and the maintenance of adequate reserves and funding to protect the policyholders.

15. Accordingly, the Department is a party in interest and a party affected by the instant bankruptcy case, and in particular the DIP motion currently before this Court. The DIP motion seeks to divert additional monies from the Alliance, which could affect

its surplus. To date, $200,000 has already been diverted from the Alliance to the Debtor for legal fees. Further, the Debtor's contention that the additional $100,000 is "secured financing" fails to reflect the reality of the situation. The line of credit from the Alliance was purportedly secured by stock in PNA Bank. However, under applicable rules of insurance accounting, the stock in PNA Bank does not qualify as an "asset," and is essentially valueless. *See* Statutory Accounting Principles No. 4, National Association of Insurance Commissioners Accounting and Procedures Manual.

16. Pursuant to both Rule 2018(a) of the Bankruptcy Rules and Section 1109(b) of the Bankruptcy Code, the Department is a party affected by the Chapter 11 proceedings, and is entitled to intervene and be heard with respect to the instant DIP Motion, as it materially affects the Alliance, an entity regulated by the Department.

WHEREFORE, the Department of Insurance respectfully requests that the Court enter an order granting its intervention in this Chapter 11 proceeding for purposes of allowing it to be heard with regard to the Debtor's Motion to Incur Post-Petition Indebtedness and any similar matters that may arise in this case.

    Illinois Department of Insurance
    By:    Lisa Madigan
           Illinois Attorney General

    By:    /s/ James D. Newbold
           James D. Newbold
           Assistant Attorney General
           100 W. Randolph Street
           Chicago, IL 60601
           (312) 814-4557