IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FLC HOLDING COMPANY, | ) | Case No. 13-24125 |
| F/K/A PNA HOLDING COMPANY, | ) | |
| an Illinois corporation, | ) | Hon. Janet S. Baer |
| | ) | |
| Debtor. | ) | |

**ORDER: (A) APPROVING THE SALE PROCESS AND
BIDDING PROCEDURES WITH RESPECT TO THE SALE OF SUBSTANTIALLY
ALL OF THE ASSETS OF THE ESTATE, (B) APPROVING FORM OF AND
AUTHORIZING DEBTOR TO ENTER INTO STALKING HORSE ASSET PURCHASE
AGREEMENT; (C) APPROVING A BREAK-UP FEE; (D) SCHEDULING A PUBLIC
AUCTION AND SUBSEQEUNT SALE HEARING; (E) AUTHORIZING THE SALE OF
THE ASSETS OF THE DEBTOR FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES AND INTERESTS; AND (F) APPROVING THE FORM AND
MANNER OF NOTICE OF SALE HEARING**

Upon the motion (the **"Sale Motion"**)[1] of FLC Holding Company, f/k/a PNA Holding

Company, the debtor and debtor-in-possession (the **"Debtor"**) in the above-captioned chapter 11

case (the **"Chapter 11 Case"**), for, among other things, the entry of an Order: (A) approving the

sale process and bidding procedures with respect to the sale of substantially all of the assets of

the estate; (B) approving the form of and authorizing the Debtor to enter into a stalking horse

asset purchase agreement; (C) approving a break-up fee; (D) scheduling a public auction and

subsequent sale hearing; (E) authorizing the sale of the assets of the Debtor free and clear of

liens, claims, encumbrances and interests; and (F) approving the form and manner of notice of

the sale hearing; it appearing that the relief requested in the Sale Motion is in the best interests of

the Debtor's estate and its creditors; adequate notice of the Sale Motion having been given to all

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed to such terms in the Sale
Motion.

327797v4

parties entitled thereto; and it appearing that no other notice need be given or is required under

the circumstances; and after due deliberation and sufficient cause appearing therefor; *and all objections having been heard and overruled;* (58)

**THE COURT HEREBY FINDS AND DETERMINES THAT:**[2]

A.     This Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and

1334, and Rule 40.3.1 of the Local Rules of Procedure of the United States District Court for the

Northern District of Illinois. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

Venue is proper in this district and this Court under 28 U.S.C. §§1408 and 1409.

B.     The Debtor has articulated good and sufficient reasons for approval of the

Bidding Procedures, the Break-Up Fee, and the Bid Protection and the selection of Royal

Financial Inc., a Delaware corporation (the "**Stalking Horse**") as a stalking horse bidder in

connection with the sale of the assets of the Debtor.

C.     The Bidding Procedures, the Bid Protection and the Break-Up Fee are reasonable

and appropriate to maximize the return on the assets of the Debtor.

D.     The Break-Up Fee in the amount of Two Hundred Twenty Five Thousand and

00/100 Dollars ($225,000.00) are and the Bid Protection in the amount of Three Hundred

Thousand and 00/100 Dollars ($300,000.00) is fair and warranted, taking into account the cash

and other consideration to be provided by the Stalking Horse, was established by the Debtor and

negotiated by the parties in good faith and at arm's length, and is: (i) an actual and necessary cost

and expense of preserving the Debtor's estate, within the meaning of §§ 503(b) and 507(a)(2) of

the Bankruptcy Code; (ii) commensurate with the real and substantial benefit that the Stalking

Horse has conferred to the Debtor's estate; (iii) reasonable and appropriate, in light of the size

---

[2] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

and nature of the proposed sale, the commitments that have been made by the Stalking Horse to date, and the efforts that the Stalking Horse has and will continue to expend; (iv) necessary to induce the Stalking Horse to continue to pursue the sale and to enter into the Asset Purchase Agreement attached to the Sale Motion as Exhibit A and made part hereof (the **"Stalking Horse APA"**); and (v) a necessary cost of the sale process.

   E.  The Break-Up Fee and the Bid Protection are essential inducements and conditions relating to the entry by the Stalking Horse into, and its continuing obligations under, the Stalking Horse APA.  Unless the Stalking Horse is assured that the Break-Up Fee will be made in the circumstances described herein and the Stalking Horse APA, and that the Stalking Horse receive Bid Protection as provided herein and in the Stalking Horse APA, the Stalking Horse is unwilling to remain obligated to purchase the assets of the Debtor or be otherwise bound under the Stalking Horse APA (including the obligation to maintain its offer while such offer is subjected to higher or otherwise better offers as contemplated by the Bidding Procedures).  The Break-Up Fee and the Bid Protection has induced the Stalking Horse to submit a bid that will serve as a minimum or floor bid on which the Debtor, its creditors, and other bidders can rely.  The Stalking Horse will provide a material benefit to the Debtor and its creditors by increasing the likelihood that the best possible purchase price for the assets of the Debtor will be received.

   F.  Accordingly, the entry of this Bidding Procedures Order is in the best interests of the Debtor, its estate, creditors and other parties in interest.

NOW, THEREFORE, IT IS HEREBY ORDERED, EFFECTIVE IMMEDIATELY:

   1.  The Sale Motion is hereby granted in part and to the extent provided herein.

2.      The Bidding Procedures set forth on Exhibit 1 attached and made a part hereof,

including all deadlines set forth therein (the **"Approved Bidding Procedures"**) and the Break-

Up Fee are both approved in all respects.

3.      The Stalking Horse APA is hereby approved subject to competing bids pursuant

to the Approved Bidding Procedures and the Debtor is authorized to execute the Stalking Horse

APA as the stalking horse offer for the Sale Assets.

4.      All persons or entities who submit a Qualified Bid for any of the assets of the

Debtor shall be deemed to have read and understood the terms and conditions of the Approved

Bidding Procedures and shall comply with and be bound by such Approved Bidding Procedures.

5.      All objections to the Bidding Procedures, the Break-Up Fee and the Bid

Protection that have not been withdrawn, waived or settled, and all reservations of rights

included therein, are hereby denied and overruled.

6.      The Debtor is hereby authorized and empowered to take such steps and to execute

such documents as may be necessary to implement and effect the terms and requirements of this

Bidding Procedures Order.

7.      The Break-Up Fee and the Bid Protection are hereby approved and the Debtor is

authorized to pay the Break-Up Fee to the Stalking Horse in accordance with the Approved

Bidding Procedures and the Stalking Horse APA, if and as applicable.

8.      In the event the Debtor is obligated to pay the Break-Up Fee, the Break-Up Fee

shall be paid to the Stalking Horse from the proceeds of any sale of the Sale Assets to any party

other than the Stalking Horse prior to any other party, creditor or equity holder, including the

Debtor, receiving any proceeds of such sale. Until paid in full, the Break-Up Fee shall be entitled

to treatment as an administrative priority claim under section 507(a)(2) of the Bankruptcy Code,

provided, however, in the event a closing of the sale of the Sale Assets does not occur, any such

administrative priority claim in favor of the Stalking Horse shall be and hereby is subordinated to

any and all administrative claims allowed in favor of the Debtor's bankruptcy counsel and to any

and all quarterly fees (or other charges) due and owing to the Office of the U.S. Trustee.

9.      The notice of hearing and auction dates for the sale (the **"Asset Sale"**) of the

assets of the Debtor and related deadlines, attached hereto as Exhibit 2 (the **"Sale Notice"**) is

hereby approved and shall be served by the Debtor as further provided herein.

10.      An auction (the **"Auction"**) for the assets of the Debtor shall take place on

~~Friday~~, December ~~19,~~ 2014 at 10:00 a.m. (Central) at the offices of Adelman & Gettleman, Ltd.,
[handwritten: Thursday 18]

53 West Jackson Blvd., Suite 1050, Chicago, Illinois 60604, or such later time or other places as

the Debtor shall notify all Qualified Bidders.

11.      The Court shall conduct a hearing to consider the approval of the Asset Sale and

the additional relief requested in the Sale Motion (the **"Sale Hearing"**), on ~~Monday,~~ December
[handwritten: Tuesday]

~~22,~~ 2014 at 10:00 a.m. (Central) at the United States Bankruptcy Court, Northern District of
[handwritten: 23]

Illinois, Eastern Division, in Courtroom 615 in the Dirksen Federal Building, 219 S. Dearborn

Street, Chicago, Illinois, or such later time or other place as the Debtor shall notify all Qualified

Bidders.

12.      The initial deadline for the submission of the Qualified Bids shall be on or before

5:00 p.m. (Central) on Wednesday, December 17, 2014.

13.      All written objections to the Asset Sale must be filed on or before 5:00 p.m.

(Central) on Friday, December 19, 2014 (the **"Sale Objection Deadline"**), with the Clerk of the

United States Bankruptcy Court, Northern District of Illinois, Eastern Division, Dirksen Federal

Building 219 S. Dearborn Street, Room 713, Chicago, Illinois, with copies served on or before

the Sale Objection Deadline upon (i) counsel for the Debtor, Chad H. Gettleman, and Henry B.

Merens, Adelman & Gettleman, Ltd., 53 West Jackson Boulevard, Suite 1050, Chicago, Illinois,

60604; (ii) the office of the U.S. Trustee in this District, Attn: Roman Sukley, 219 S. Dearborn

Street, Room 873, Chicago, IL 60604; and (iii) counsel for the Stalking Horse, Attn: Douglas J.

Lipke, Vedder Price, 222 North LaSalle Street, Chicago, IL 60601.  Any such objections must

state with particularity the legal and factual bases for the objection and identify the specific

grounds therefor. Failure of any entity to file an objection on or before the Sale Objection

Deadline shall be deemed to constitute consent to the relief requested in the Sale Motion,

including, without limitation, the sale of the Sale Assets pursuant to the Prevailing Bid.

14.     At the Auction, the Debtor shall be entitled and is hereby authorized, subject to

further order of this Court, to offer to sell the Sale Assets free and clear of all liens, claims,

encumbrances and interests consistent with the terms and conditions set forth in the Sale Motion

and the Approved Bidding Procedures.

15.     Pursuant to Bankruptcy Rules 2002(a) and 6004, the Debtor be and is hereby

ordered and directed to serve a copy of the Sale Notice and the Approved Bidding Procedures to:

(a) all creditors of the Debtor's estate; (b) all Necessary Governmental Authorities; (c) the

District Director of the Internal Revenue Service for the Northern District of Illinois; (d) the

Indenture Trustee; (e) counsel for the Bank; (f) counsel for the Stalking Horse; (g) the Office of

the United States Trustee; and (h) all other entities that have filed requests for notice pursuant to

Bankruptcy Rule 2002 (collectively, the **"Notice Recipients"**), by regular mail sent no later than

November 26, 2014, and such manner of notice is hereby found to be adequate and sufficient

notice of the relief sought in the Sale Motion, including the sale of the assets of the Debtor.

16.     Any Notice Recipient may obtain a copy of the Stalking Horse APA, the Sale

Motion and any exhibits or schedules attached thereto upon written request directed to counsel

for the Debtor, Chad H. Gettleman, Adelman & Gettleman, Ltd., 53 West Jackson Blvd., Suite

1050, Chicago, Illinois 60604 (312-435-1050) (chg@ag-ltd.com).

17.     Nothing contained herein shall create any standing or rights in any other person or

bidder (including, without limitation, rights as third party beneficiaries or otherwise) other than

as expressly granted to the Prevailing Bidder and the Stalking Horse.

18.     This Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation, enforcement or interpretation of this Bidding Procedures Order.

Dated: November 26, 2014                ENTER:

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

*This order prepared by:*
Chad H. Gettleman, Esq. (ARDC #944858)
Henry B. Merens, Esq. (ARDC #6181695)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Telephone No. (312) 435-1050

# EXHIBIT 1

# BIDDING PROCEDURES

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FLC HOLDING COMPANY, | ) | Case No. 13-24125 |
| F/K/A PNA HOLDING COMPANY, | ) | |
| an Illinois corporation, | ) | Hon. Janet S. Baer |
| | ) | |
| Debtor. | ) | |

## BIDDING PROCEDURES

The procedures set forth below (the "**Bidding Procedures**") reflect the process through which the above-captioned debtor and the debtor-in-possession (the "**Debtor**") shall, among other things, market and offer substantially all of its assets (the "**Sale Assets**") for a public sale through a competitive bidding process (the "**Auction**") in this Chapter 11 case (the "**Case**"). These Bidding Procedures were approved by that certain order dated November 26, 2014 [Docket Entry No. ____] (the "**Bidding Procedures Order**"), of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "**Court**") pursuant to that certain motion filed by the Debtor seeking, among other relief, entry of an Order: (a) approving the sale process and bidding procedures with respect to the sale of substantially all of the assets of the estate; (b) approving the form of and authorizing the Debtor to enter into a stalking horse asset purchase agreement; (c) approving a break-up fee; (d) scheduling a public auction and subsequent sale hearing; (e) authorizing the sale of the assets of the Debtor free and clear of liens, claims, encumbrances and interests; and (f) approving the form and manner of notice of the sale hearing (the "**Sale Motion**").

### (1)    Assets to be Sold

The Sale Assets consist of all of the issued and outstanding shares of the common stock (the "**Shares**") of PNA Bank, a federal savings bank (the "**Bank**").

### (2)    Qualification of Bidders

Only "Qualified Bidders" (as hereinafter defined) will be permitted to participate at the Auction. To be a Qualified Bidder, a potential bidder ("**Potential Bidder**") must, in addition to satisfying any other conditions required pursuant to these Bidding Procedures:

(a)    submit a "Qualified Bid" on or prior to the "Qualified Bid Deadline" (as each of these terms are hereinafter defined); and

(b)    concurrently with the delivery of such Qualified Bid, submit: (i) evidence of sufficient liquid assets or available financing necessary to consummate the proposed transaction; (ii) such other financial information concerning the Potential Bidder as may be reasonably requested by the Debtor (collectively, the

327812v4

"**Bidder Financial Information**"); and (iii) the "Deposit" (as such term is hereinafter defined).

**(3)     Due Diligence**

The Debtor will provide Potential Bidders with reasonable due diligence information with respect to the Sale Assets, prior to the Qualified Bid Deadline (the "**Diligence Materials**"). Any Potential Bidder desiring to review the Diligence Materials shall be required to execute a Confidentiality Agreement in the form and substance acceptable to the Debtor.

The period for conducting due diligence will end at the Qualified Bid Deadline. All information requests made during the due diligence period shall be deemed fully satisfied on the Qualified Bid Deadline. By participation in the Auction, all Potential Bidders are deemed to have agreed and acknowledged that they have had sufficient and reasonable access to the Sale Assets and all relevant information for purposes of conducting due diligence with respect to their "Bid" (as hereinafter defined).

**(4)     Qualified Bid Requirements**

For a bid (the "**Bid**") from a Potential Bidder to be considered a Qualified Bid pursuant to these Bidding Procedures (the "**Qualified Bid**"), the Bid must satisfy the following requirements:

(a)     Form: the Bid must be a bona fide, binding and duly executed written offer in the form substantially similar to that certain Asset Purchase Agreement dated as of November 13, 2014, between Royal Financial, Inc., a Delaware corporation (the "**Stalking Horse**") and the Debtor (the "**Stalking Horse Offer**"). The Bid must also include a redlined or blacklined version of the Stalking Horse Offer, showing all changes made to the Stalking Horse Offer by the party submitting the Bid. No Bid other than the Stalking Horse Offer may provide for the payment of a break-up fee, expense reimbursement or similar type of payment. The Debtor will make available the Stalking Horse Offer in a modifiable format to any Potential Bidder upon request. The amount of the Stalking Horse Offer is One Million Two Hundred Thousand Dollars ($1,200,000)

(b)     Cash Offer: the Bid must provide for the payment of cash at closing in immediately available funds in an amount that is not less than One Million Five Hundred Thousand Dollars ($1,500,000) ("Initial Overbid").

(c)     Deposit: the Bid shall be accompanied by a cashiers' check or wire transfer to be held as an earnest money deposit in immediately available U.S. funds and in an amount equal to no less than Sixteen and 67/100 percent (16.67%) of the purchase price under the Bid (the "**Deposit**"). Each Deposit received shall be subject to the jurisdiction of the Court and held by the Debtor pursuant to a mutually agreeable escrow agreement.

2

(d)    <u>Evidence of Performance</u>: the Bid must contain the representation of the Potential Bidder that such Bidder has the ability to close on the transaction proposed in its Bid and identify the specific funding sources which support said representation. Any financing commitment or bank letter must be unconditional as determined by the Debtor. To the extent not earlier provided, all Bidder Financial Information must accompany the Qualified Bid.

(e)    <u>Irrevocable With No Contingencies</u>: the Bid must: (i) remain irrevocable until the approval of a "Prevailing Bid" at the "Sale Hearing" (as such terms are hereinafter defined); (ii) if approved at the Sale Hearing as the Prevailing Bid, remain irrevocable through closing; (iii) not be conditioned upon obtaining financing; and (iv) contain sufficient assurances that the Potential Bidder's representative is legally empowered, by power of attorney or otherwise, to both bid on behalf of the Potential Bidder and also to complete and sign, on behalf of the Potential Bidder, a binding and enforceable Bid, including as such Bid may be revised at the Auction.

(f)    <u>Identity of the Potential Bidder</u>: the Bid must disclose: (i) the identity of the Potential Bidder; and (ii) be accompanied by written disclosure of: (A) each entity participating in connection with such Bid; and (B) the complete terms of such participation.

(g)    <u>Employment or Consulting Agreement</u>: the Bid must disclose the material terms and conditions of any contemplated employment or consulting agreement with any former or current insider of the Debtor or the Bank.

(h)    <u>AS-IS, WHERE-IS</u>: the Bid must contain an express acknowledgement that the sale of the Sale Assets shall be on an "**AS-IS, WHERE-IS**" basis without representation or warranty of any kind or nature by the Debtor, its bankruptcy estate or its agents or representatives, other than as set forth in the Stalking Horse Offer. Each Potential Bidder shall be deemed to have relied solely upon its own investigation, inspection and review of the Sale Assets, the Debtor's books and records and the Diligence Materials and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Sale Assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in its Qualifying Bid.

(i)    <u>Corporate Authority</u>: the Bid must contain written evidence that the Potential Bidder has obtained all necessary corporate, limited liability company, or similar authority, including all internal consents, necessary for it to close and fund the proposed transaction.

(j)    <u>Regulatory Approval</u>: the Bid must contain a representation and warranty and the Potential Bidder must be able to demonstrate that it has adequate financial and managerial resources to obtain, and will obtain, prior to closing all necessary

3

327812v4

consents, authorizations, permits and approvals from all regulatory authorities
which are required for the purchase of the Sale Assets and all related transactions,
and is not otherwise subject to regulatory restrictions that would prevent the
acquisition of depository institutions.

**(5)     Deadline for Submitting Qualified Bids**

Any Potential Bidder desiring to qualify for participation in the Auction must
deliver a Qualified Bid in writing (including via e-mail or facsimile) to: (a) Adelman &
Gettleman, Ltd., 53 W. Jackson Blvd., Suite 1050, Chicago, IL 60604, Attn: Chad H. Gettleman
and Henry B. Merens, chg@ag-ltd.com, hbm@ag-ltd.com, (312) 435-1059 (fax); (b) Counsel for
the Bank, Stone Pogrund & Korey LLC, 1 East Wacker Drive, Suite 2610, Chicago, IL 60601
Attn: Christopher T. Nowotarski, cnowotarski@spklaw.com, (312) 782-1482 (fax); and counsel
for the Stalking Horse, Vedder Price, 222 North LaSalle Street, Chicago, Illinois 60601, Attn:
Douglas J. Lipke, dlipke@vedderprice.com, (312) 609 5005 (fax), that is actually received by **no
later than 5:00 p.m. (Chicago time), on or before December 17, 2014** (the "**Qualified Bid
Deadline**"). Bids received after the Qualified Bid Deadline will not be considered, except as the
Debtor may otherwise determine.

**(6)     Designation of Qualified Bids**

No later than December 18, 2014, the Debtor, in its sole discretion and in the exercise of
its business judgment, but following consultation with management of the Bank, shall designate
those Bids, if any, that are Qualified Bids, and those Potential Bidders as Qualified Bidders (each
a "**Qualified Bidder**"). For avoidance of doubt, the Stalking Horse Offer shall constitute a
Qualified Bid and the Stalking Horse shall be a Qualified Bidder without further notice, act or
deed, and shall be deemed a third party beneficiary of these Bidding Procedures with standing to
object to the manner in which the Debtor is implementing these Bidding Procedures.

No later than 1:00 p.m. (Chicago time) on December 18, 2014, the Debtor shall notify
each entity that has submitted a Qualified Bid, by electronic mail only, that it is deemed to be a
Qualified Bidder and its Bid has been designated as a Qualified Bid.

If the Stalking Horse Offer is the only Qualified Bid received by the Qualified Bid
Deadline, then the Debtor will cancel the Auction and, at the Sale Hearing, shall request (a) that
the Stalking Horse Offer be deemed the highest and best offer for the Sale Assets and shall
constitute the Prevailing Bid, (b) that it be granted authority to proceed to close the Asset Sale to
the Stalking Horse, and (c) that the Court approve and enter an Order approving the sale of the
Sale Assets to the Stalking Horse (the "**Sale Order**").

**(7)     Auction Procedures and Selection of Prevailing Bid and the Runner-Up Bid**

If, in addition to the Stalking Horse, one or more Qualified Bidder submit a Qualified Bid
to the Debtor for the purchase of the Sale Assets, the Auction will be commenced on ~~Friday,~~ Thursday
December ~~19,~~ 2014 at 10:00 a.m. (**Chicago time) at the offices of Adelman & Gettleman,
Ltd., 53 W. Jackson Blvd., Suite 1050, Chicago, IL 60604**, or at such later time or other place

4

as the Debtor shall advise all Qualified Bidders. The Auction shall be conducted in the presence of a certified court reporter for purposes of creating and preserving a record of the Auction. The Stalking Horse Offer shall be the opening bid at the Auction.

The Debtor will not consider Bids at the Auction other than Qualified Bids. The only persons who will be permitted to bid at the Auction are Qualified Bidders. The Qualified Bidder(s) must appear in person at the Auction or through a duly-authorized representative, unless alternate arrangements are made which are acceptable to the Debtor. If multiple Qualified Bids are received, each Qualified Bidder shall have the right to continue to increase its Qualified Bid at the Auction, provided that all further Bids otherwise remain Qualified Bids as determined in accordance with these Bidding Procedures.

The identity of each Qualified Bidder at the Auction and the material terms of its Qualified Bid will be fully disclosed to all other Qualified Bidders at the Auction. The Debtor may impose additional conditions at the Auction to confirm that that the Auction and the sale of the Sale Assets are fair and free from any collusion or other impropriety.

Bidding will commence with the Stalking Horse Offer with subsequent bids to be in increments of not less than Fifty Thousand Dollars ($50,000) following the Initial Overbid (or such other amounts as determined by the Debtor, from time to time during the course of the Auction).

Upon the conclusion of the Auction, the Debtor shall, in its sole discretion and in the exercise of its business judgment, but following consultation with Bank management of the determine from the Qualified Bids the highest and best offer for the Sale Assets (the "**Prevailing Bid**").

In determining the Prevailing Bid, the Debtor shall consider all factors it deems relevant, including without limitation, the payment of any expenses and/or the assumption any liabilities, and the impact of same on the net recovery to the bankruptcy estate, the ability of such Qualified Bidder to satisfy any conditions or requirements, and the timing of any necessary government approval related to such Qualified Bidder. The Debtor may, in its sole discretion, reject at any time before entry of the Sale Order, any Bid that is, in the Debtor's business judgment (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the sale of the Sale Assets, or (c) contrary to the best interests of the Debtor, its bankruptcy estate and its creditors. In addition, the Debtor shall have the right, in its sole discretion, to waive or impose terms and conditions of sale as it may determine to be in the best interests of the its estate, its creditors and other parties in interest.

Notwithstanding anything contained in these Bidding Procedures, any Qualified Bid, whether the Stalking Horse Offer, the Prevailing Bid, or other Bid, shall not be binding upon, or accepted by, the Debtor until approved by the Bankruptcy Court in accordance with the Bankruptcy Code and Bankruptcy Rules, and the entry of the Sale Order.

327812v4

## (8)   Return of Deposits

Any entity that submitted a Deposit and is not designated a Qualified Bidder shall have its Deposit returned on or before the fifth (5th) business day after the designation of Qualified Bids under these Bidding Procedures. Except as otherwise set forth herein, as soon as is practicable after the conclusion of the Sale Hearing, the Debtor shall cause to be returned to each unsuccessful Qualified Bidder such bidder's Deposit, together with any interest paid thereon to the extent that such Deposit was held in a separate interest bearing account.

## (9)   Sale Hearing

Any Qualifying Bid that is determined by the Debtor in accordance with these Bidding Procedures as the Prevailing Bid will be subject to approval by the Court. The hearing to approve the Prevailing Bid (the "**Sale Hearing**") will be held before the Honorable Janet S. Baer, United States Bankruptcy Judge, in the **United States Bankruptcy Court, Northern District of Illinois, Eastern Division, in Courtroom 615 in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois at 10:00 a.m. (Chicago time) on December ~~22~~,** 23 **2014,** or such other time as may be ordered by the Court and announced by the Debtor to all Qualified Bidders at the Auction.

The Debtor will seek approval of the sale of the Sale Assets pursuant to 11 U.S.C. §§105 and 363, free and clear *to the fullest extent permitted by law* of all liens, claims, encumbrances and interests, options, rights of first refusal, contractual rights and interests, charges and liabilities of any kind or nature, whether arising before or after the Petition Date and whether in law or equity or otherwise, excepting only permitted liens (the "**Encumbrances**"), *provided however* that all valid, perfected and enforceable Encumbrances in and with respect to the Sale Assets shall attach to the proceeds of the Sale Assets in the manner and with the same priority as provided in applicable orders of the Court and established under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

## (10)   Failure to Close the Purchase of the Sale Assets

If any Qualified Bidder making the Prevailing Bid fails to timely consummate the purchase of all or any portion of the Sale Assets at closing because of a breach, default or failure to perform on the part of such Qualified Bidder pursuant to the terms of the Prevailing Bid, then all of such Qualified Bidder's rights to its Deposit shall terminate and the Deposit shall constitute the property of the Debtor's bankruptcy estate and be retained in partial satisfaction of any damages the Debtor may have incurred.

## (11)   Consent to Jurisdiction as Condition to Bid.

All Qualified Bidders at the Auction shall be deemed to have consented to the jurisdiction of the Court and waived any right to a jury trial in connection with any disputes relating to the Auction, the Bids and the construction and enforcement of the Bidder's contemplated transaction documents, as applicable. Qualified Bidders (other than the Stalking Horse Bidder) shall not be

6

327812v4

deemed third party beneficiaries of these Bidding Procedures and shall not have standing to object to the administration of the Bidding Procedures by the Debtor.

### (12)    Reservation of Rights

Subject to the terms of the Stalking Horse Offer, the Debtor further reserves the right, as it may reasonably determine to be in the best interests of the bankruptcy estate and its creditors, to: (a) extend any deadline established pursuant to the Bidding Procedures; (b) adjourn, continue or cancel the Auction and/or Sale Hearing at any time without further notice; (c) withdraw any of the Sale Assets from the Auction or the sale process; and (d) impose such other or additional reasonable terms and conditions on the sale of the Sale Assets as the Debtor may determine in its sole and reasonable business judgment to be in the best interests of its bankruptcy estate and its creditors.

Dated:  November 26, 2014

**FLC Holding Company**
**f/k/a PNA Holding Company**
Debtor and Debtor-in-Possession

By: ___/s/ Chad H. Gettleman_____
        One of Its Attorneys

CHAD H. GETTLEMAN, ESQ. (ARDC #944858)
HENRY B. MERENS, ESQ. (ARDC #6181695)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Boulevard, Suite 1050
Chicago, Illinois 60604
Telephone: 312-435-1050
Facsimile: 312-435-1059

7

327812v4

# EXHIBIT 2

# SALE NOTICE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FLC HOLDING COMPANY, | ) | Case No. 13-24125 |
| F/K/A PNA HOLDING COMPANY, | ) | |
| an Illinois corporation, | ) | Hon. Janet S. Baer |
| | ) | |
| Debtor. | ) | |
| | ) | |

NOTICE OF QUALIFIED BID DEADLINE, PUBLIC AUCTION, SALE
HEARING AND OBJECTION DEADLINE ON SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL
LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS

TO:   THE OFFICE OF THE UNITED STATES TRUSTEE, THE CREDITORS OF THIS
ESTATE, AND OTHER PARTIES IN INTEREST:

PLEASE TAKE NOTICE AS FOLLOWS:

1.    **Chapter 11 Filing** - On June 11, 2013, FLC Holding Company, f/k/a PNA
Holding Company (the "**Debtor**") filed a voluntary petition for relief under chapter 11 of the
Bankruptcy Code, commencing the chapter 11 case captioned above (the "**Chapter 11 Case**").
Since then, the Debtor has remained in possession of its assets and continued to operate its
business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2.    **Sale Motion** - On November 13, 2014, the Debtor filed in the Chapter 11 Case a
motion (the "**Sale Motion**") seeking, among other relief, entry of an Order: (a) approving the sale
process and bidding procedures with respect to the sale of substantially all of the assets of the
estate; (b) approving the form of and authorizing the Debtor to enter into a stalking horse asset
purchase agreement; (c) approving a break-up fee; (d) scheduling a public auction and
subsequent sale hearing; (e) authorizing the sale of the assets of the Debtor free and clear of liens,
claims, encumbrances and interests (the "**Asset Sale**"); and (f) approving the form and manner of
notice of the sale hearing.  Under the Sale Motion, the Debtor proposes to conduct a public
auction (the "**Auction**") of substantially all of the Debtor's assets, including the issued and
outstanding common stock of PNA Bank, a federal savings bank (collectively, the "**Sale
Assets**").

3.    **Entry of Bidding Procedure Order** - On November 26, 2014, the United States
Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "**Court**") entered
that certain Order (the "**Bidding Procedures Order**") granting, in part, the relief requested in

327800v3

the Sale Motion and approving certain bidding procedures for the Asset Sale (the "**Approved Bidding Procedures**"). A copy of the Approved Bidding Procedures accompanies this Notice. All interested parties are encouraged to read the Approved Bidding Procedures and the Bidding Procedures Order carefully. Any person or entity desiring to qualify for participation in the Auction must satisfy the requirements of the Approved Bidding Procedures and the Bidding Procedures Order.

4.   **Qualified Bid Deadline** - The deadline for delivering a Qualified Bid (as defined in the Approved Bidding Procedures) to purchase the Sale Assets is **5:00 p.m. (Chicago time), on or before** Wednesday, December 17, 2014 (the "**Qualified Bid Deadline**"). Any Qualified Bid to be considered by the Debtor must be received on or before the Qualified Bid Deadline by: (a) Adelman & Gettleman, Ltd., 53 W. Jackson Blvd., Suite 1050, Chicago, IL 60604, Attn: Chad H. Gettleman, Henry B. Merens and Adam P. Silverman, chg@ag-ltd.com, hbm@ag-ltd.com, aps@ag-ltd.com, (312) 435-1059 (fax); Counsel for the Bank, Stone Pogrund & Korey LLC, 1 East Wacker Drive, Suite 2610, Chicago, IL 60601 Attn: Christopher T. Nowotarski, cnowotarski@spklaw.com, (312) 782-1482 (fax); and counsel for the Stalking Horse, Vedder Price, 222 North LaSalle Street, Chicago, Illinois 60601, Attn: Douglas J. Lipke, dlipke@vedderprice.com, (312) 609 5005 (fax).

5.   **Auction** - Under the Bidding Order, the Debtor is authorized, and intends, to conduct the Auction on ~~Friday~~, December 19, 2014 **at 10:00 a.m. (Chicago time)** at the offices of Adelman & Gettleman, Ltd., 53 West Jackson Blvd., Suite 1050, Chicago, Illinois 60604, or at such later time or other place as the Debtor shall advise all Qualified Bidders (as defined in the Approved Bidding Procedures). The Auction may be adjourned or rescheduled without further notice by announcement of the adjourned date at the Auction.

6.   **Stalking Horse Bid and Break-Up Fee** - The Debtor has accepted the initial bid of Royal Financial, Inc., a Delaware corporation (the "**Stalking Horse**"), in the amount of One Million Two Hundred Thousand Dollars ($1,200,000.00) in cash, and further subject to higher bids at the Auction and Court approval (the "**Stalking Horse Offer**"), by and through the execution of that certain Asset Purchase Agreement between the Debtor and the Stalking Horse (the "**Stalking Horse APA**"). In accordance with the Bidding Procedure Order, the Stalking Horse may receive a Break-Up Fee in the amount of Two Hundred Twenty Five Thousand and 00/100 Dollars ($225.000.00) under certain events, including, without limitation, in the event the Debtor receives a higher and better offer at the Auction which results in a closing of the Asset Sale to a Qualified Bidder other than the Stalking Horse. For a Qualified Bid to be considered, the purchase price thereunder must be in an amount that is not less than One Million Five Hundred Thousand Dollars ($1,500,000.00) (the "Initial Overbid"). The Stalking Horse Offer shall serve as the initial bid at the Auction with subsequent bids to be in increments not less than Fifty Thousand Dollars ($50,000) (or such other amounts as determined by the Debtor, from time to time during the course of the Auction), following the Initial Overbid. No Bid of any kind or nature shall be deemed to be a binding agreement unless and until it has been accepted by the Debtor and approved by the Court pursuant to the "Sale Order" (as hereinafter defined). The Debtor shall take into account the Break-Up Fee when determining the "Prevailing Bid" (as that term is defined in the Approved Bidding Procedures).

2

327800v3

7.      **Sale Hearing** - The Court will conduct a hearing to consider the approval of the sale of the Sale Assets to the successful bidder on ~~Monday,~~ December 22, 2014, **at 10:00 a.m. (Chicago time)** at the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, in Courtroom 615 in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois (the **"Sale Hearing"**).  The Sale Hearing may be adjourned, continued or rescheduled without further notice by an announcement of the adjourned date at the Sale Hearing.  At the Sale Hearing, the Debtor will request the entry of an order (the **"Sale Order"**) which, *inter alia*: (a) designates the Prevailing Bid; (b) approves the sale of the Sale Assets to the successful bidder free and clear  of any and all liens, claims, encumbrances, and interests (excepting only permitted liens), with any and all valid liens, claims, interests and encumbrances attaching to the proceeds of sale; and (c) awards any additional relief requested in the Sale Motion.

8.      **Objections** - Any objection to the sale of the Sale Assets **must be filed in writing on or before 5:00 p.m. (Chicago time) on** Friday, December 19, 2014 (the **"Sale Objection Deadline"**), with the Clerk of the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, Dirksen Federal Building 219 S. Dearborn Street, Room 713, Chicago, Illinois, with copies served **on or before the Sale Objection Deadline** upon: (a) counsel for the Debtor, Attn: Chad H. Gettleman, Henry B. Merens and Adam P. Silverman, Adelman & Gettleman, Ltd., 53 West Jackson Blvd., Suite 1050, Chicago, IL 60604; (b) the office of the U.S. Trustee in this District, Attn: Roman Sukley, 219 S. Dearborn Street, Room 873, Chicago, IL 60604; and (c) counsel for the Stalking Horse, Attn: Douglas J. Lipke, Vedder Price, 222 North LaSalle Street, Chicago, IL 60601. Any such objections must state with particularity the legal and factual bases for the objection and identify the specific grounds therefor. Failure of any entity to file an objection on or before the Sale Objection Deadline shall be deemed to constitute consent to the relief requested in the Sale Motion, including, without limitation, the sale of the Sale Assets pursuant to the Prevailing Bid.

9.      **Closing** - Following the entry of the Sale Order, the successful Qualifying Bidder shall be required to consummate the purchase of the Sale Assets within the deadline specified in the Prevailing Bid.

10.     **Copies** - Copies of the Sale Motion, the Bidding Procedures Order, and the Stalking Horse APA may be obtained by: (a) written request (including e-mail) to the Debtor's counsel, Adelman & Gettleman, Ltd., 53 W. Jackson Blvd., Suite 1050, Chicago, IL 60604, Attn: Chad H. Gettleman; or (b) accessing the case docket on the Court's website at www.ilnb.uscourts.gov (a pacer password will be necessary to access the docket).

11.     **Notice** – This Notice is made expressly subject to the Sale Motion and the terms contained in the Approved Bidding Procedures and the Bidding Procedures Order.  To the extent that this Notice is inconsistent with the terms contained in the Bidding Procedure Order, the Bidding Procedures Order shall control.

3

327800v3

Dated: November 26, 2014

**FLC Holding Company**
**f/k/a PNA Holding Company**
Debtor and Debtor-in-Possession

By: /s/ Chad H. Gettleman
One of Its Attorneys

CHAD H. GETTLEMAN, ESQ. (ARDC #944858)
HENRY B. MERENS, ESQ. (ARDC #6181695)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Boulevard, Suite 1050
Chicago, Illinois 60604
Phone: (312) 435-1050
chg@ag-ltd.com
hbm@ag-ltd.com

4

327800v3