## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FLC HOLDING COMPANY, | ) | Case No. 13-24125 |
| F/K/A PNA HOLDING COMPANY, | ) | Hon. Janet S. Baer |
| an Illinois corporation | ) | |
| | ) | **Hearing Date: April 27, 2016** |
| Debtor. | ) | **Hearing Time: 9:30 a.m.** |
| | ) | |

## NOTICE OF MOTION

To: See Attached Certificate of Service and Service List

PLEASE TAKE NOTICE that on the **Wednesday, the 27ᵗʰ day of April, 2016 at 9:30 a.m.,** we shall appear before the Honorable Janet S. Baer of the United States Bankruptcy Court, Northern District of Illinois, Eastern Division in Courtroom 615 in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, and then and there present the **MOTION OF ADELMAN & GETTLEMAN, LTD. FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES AND AS COUNSEL TO FLC HOLDING COMPANY AS DEBTOR IN POSSESSION, AND APPROVING SHORTENED NOTICE,** a copy of which is hereby served upon you.

CHAD H. GETTLEMAN, ESQ. (ARDC #944858)
HENRY B. MERENS, ESQ. (ARDC #6181695)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
(312) 435-1050
Fax (312) 435-1059

*Counsel for FLC Holding Company*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the Notice and Motion referenced herein was served upon the parties listed on the service list below via the Court's CM/ECF system, hand delivery, or overnight mail as indicated, this 21ˢᵗ day of April, 2016.

By: /s/ Chad H. Gettleman
Chad H. Gettleman, Esq.

## SERVICE LIST

### VIA Electronic Mail Notice List

The following is the list of parties who are currently on the list to receive email notice/service for this case.

| | |
|---|---|
| William J. Barrett | william.barrett@bfkn.com, mark.mackowiak@bfkn.com; gregory.demo@bfkn.com |
| Daniel Brown | daniel@brownlegal.net |
| Gregory V Demo | greg@brownlegal.net |
| Faith Dolgin | faith.dolgin@illinois.gov |
| O Allan Fridman | allanfridman@gmail.com, Fridman@IAmTheWolf.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Douglas J. Lipke | dlipke@vedderprice.com, ecfdocket@vedderprice.com |
| Roman Sukley | USTPRegion11.es.ecf@usdoj.gov, roman.l.sukley@usdoj.gov; cameron.g.gulden@usdoj.gov |

### VIA HAND DELIVERY

David T Wallach
Wallach Michaelec Fridman PC
321 N. Clark, 5th Floor
Chicago, IL 60654

Joanna Michalec
Wallach Michaelec Fridman PC
321 N. Clark, 5th Floor
Chicago, IL 60654

Faith Dolgin
Illinois Attorney General
100 W Randolph St 13th Floor
Chicago, IL 60601

William J. Barrett
Barack Ferrazzano Kirschbaum Nagelberg
200 West Madison Street, Suite 3900
Chicago, IL 60606

Gregory V. Demo
Sidley Austin, LLP
1 S. Dearborn St.
Chicago, IL 60603

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604

Roman L. Sukley, Esq.
U.S. Department of Justice
Office of the U.S. Trustee
219 S. Dearborn St., Room 873
Chicago, IL 60604

Vedder Price PC
222 N. LaSalle St., Suite 2500
Chicago, IL 60601
Attn: Douglas J. Lipke

Stone Pogrund & Korey, Ltd.
One East Wacker Dr., Suite 2610
Chicago, IL 60601-2001
Attn: Christopher T. Nowotarski

Alliance Bancshares
c/o Edward C. Fitzpatrick
Faegre Baker Daniels LLP
311 S. Wacker Drive, Suite 4300
Chicago, IL 60606, USA

Scott A. Hanfling
Kerns Frost & Pearlman, LLC
30 W. Monroe St., Suite 1600
Chicago, IL 60603

Illinois Department of Revenue
100 W. Randolph
Bankruptcy Section-Level 7-425
Chicago IL 60601

Federal Reserve Bank of Chicago
230 S. LaSalle Street
Chicago, IL 60604
Attn: Maria Baird, Senior Examiner

Illinois Department of Insurance
122 S. Michigan Ave., 19th Floor
Chicago, IL 60603

Internal Revenue Service
Special Procedures Branch
230 S. Dearborn, Room 2714
Chicago, IL 60604

Federal Deposit Insurance Corporation
Chicago Regional Office
300 South Riverside Plaza, Suite 1700
Chicago, IL 60606

Illinois Department of Financial &
    Professional Regulation
100 West Randolph, 9th Floor
Chicago, Illinois 60601

**VIA OVERNIGHT MAIL**

O Allan Fridman
Wallach Michalec Fridman, P.C.
555 Skokie Blvd, Suite 500
Northbrook, IL 60062

Daniel Brown
Brown Legal Advisors, LLC
4851 N. Winchester Ave., Third Floor
Chicago, IL 60640

Illinois Strategic Portfolio Solutions
c/o Hubert Cioromski
5420 N. Harlem Ave.
Chicago, IL 60656-1800

Troy Realty Ltd.
c/o Andre Hrym / Hubert Cioromski
5420 N. Harlem Ave.
Chicago, IL 60656-1800

PNA Statutory Trust I
c/o U.S. Bank, N.A.
225 Asylum St., 23rd Floor
Hartford, CT 06103-1534
Attn:  Corporate Trust Services

PNA Statutory Trust I
c/o U.S. Bank, N.A.
One Federal Street, 3rd Floor
Boston, MA 02110-2014
Attn:  Eric Donaghey / James H. Byrnes

Board of Directors/PNA Bank
4800 S. Pulaski Road
Chicago, IL 60632
Attn: Frank Spula

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia PA 19101-7346

Office of the Comptroller of the Currency
400 7th St. SW, Suite 3E-218
Washington, DC 20219
Attn: Michael Tucker

Illinois Department of Insurance
320 W. Washington Street
Springfield, IL 62767-0001

Illinois Department of Insurance
320 W. Washington Street, 4th Floor
Springfield, IL 62702
Attn: Jim Rundblum

Polish National Alliance
of the U.S. of NA
6100 N. Cicero Ave.
Chicago, IL 60646-4304
Attn: James Gura

575706_1

**VIA OVERNIGHT MAIL – Cont'd**

Lawrence H. Chlum
17216 Cambridge Place
Tinley Park, IL 60487-5283

U.S. Bank National Association
c/o Marie C. Pollio, Esq and Kimberly S. Cohen
Shipman & Goodwin, LLP
One Constitution Plaza
Hartford, CT 06103-1919

Alesco Preferred Funding VIII, Ltd.
c/o US Bank National Association
One Federal Street, 3rd Fl.
Attn: Paul D. Allen
Boston, MA 02110

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FLC HOLDING COMPANY, | ) | Case No. 13-24125 |
| F/K/A PNA HOLDING COMPANY, | ) | |
| an Illinois corporation | ) | Hon. Janet S. Baer |
| | ) | |
| Debtor. | ) | Hearing Date: April 27, 2016 |
| | ) | Hearing Time: 9:30 a.m. |

**MOTION OF ADELMAN & GETTLEMAN, LTD. FOR ALLOWANCE OF**
**FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES AS**
**COUNSEL TO FLC HOLDING COMPANY AS DEBTOR IN POSSESSION,**
**AND APPROVING SHORTENED NOTICE**

TO:    THE HONORABLE JANET S. BAER,
       U.S. BANKRUPTCY JUDGE:

Now come Chad H. Gettleman and Henry B. Merens on behalf of Adelman & Gettleman,

Ltd., (**"Movant"**), counsel to FLC Holding Company f/k/a PNA Holding Company, an Illinois

corporation, debtor herein (**"Debtor"**), and requests the entry of an order for the allowance and

payment of final compensation and reimbursement of ordinary and necessary expenses incurred

in connection therewith as counsel to the Debtor during the pendency of this Chapter 11

case (**"Chapter 11 Case"**) under Chapter 11 of the Bankruptcy Code (**"Code"**), and for

shortened notice, pursuant to Section 330 of the Bankruptcy Code  and Bankruptcy Rules 2016

and 9006 (the **"Motion"**), and in support thereof, respectfully states as follow:

**I.      INTRODUCTION**

**This Motion encompasses the entire period of this Chapter 11 Case which is just**

**under three (3) years**, from **June 11, 2013**, the date of the commencement of this Chapter 11

Case (the **"Petition Date"**), through **May 6, 2016**, the outside date by which time Movant

believes the dismissal of this Chapter 11Case will have been fully and finally implemented in

accordance with the "Chapter 11 Dismissal Motion", as defined below.  There are no other

professionals which have been retained by order of this Court in this Chapter 11 Case.

### A.  Chapter 11 Dismissal Motion

This Motion is being filed concurrently with the Debtor's Motion For The Entry Of An

Order: (A) Dismissing The Chapter 11 Case; (B) Allowing All Claims Filed In The Chapter 11

Case And All Scheduled Claims Not Listed As Contingent, Unliquidated Or Disputed; (C)

Approving The Payment Of All Allowed Claims In Accordance With The Priorities Established

Under The Bankruptcy Code To The Extent Of Available Proceeds; And (D) Approving

Shortened Notice (**"Chapter 11 Dismissal Motion"**). The Chapter 11 Dismissal Motion requests

the entry of an order allowing for the distribution of all monies on deposit in the Debtor's estate

to the Debtor's creditors in accordance with the priorities set forth in the Code, and the

subsequent dismissal of the Chapter 11 Case pursuant to Sections 105, 363, 502, 503, 507 and

1112(b) of the Code and Rules 2002, 3002, 3003, 6004 and 9006 of the Federal Rules of

Bankruptcy Procedure.

### B.  Interim Fee Motion.

On November 25, 2015, Movant filed the Motion of Adelman & Gettleman, Ltd. for

Allowance of Interim Compensation and Reimbursement of Expenses as Counsel to FLC

Holding Company as debtor in possession [Docket No. 125] ("**Interim Fee Motion**"), which is

incorporated herein and made a part hereof by express reference thereto. The Interim Fee Motion

contains an extensively detailed description of Movant's services to that date consisting of 284

pages, including the underlying motion and ten (10) exhibits. Under the Interim Fee Motion,

Movant requested allowance of fees in the aggregate amount of $699,521.00 and reimbursement

of expenses in the amount of $3,389.14, and after applying the unexpended portion of the

prepayment, the single prior payment received by Movant in the course of the Chapter 11 Case

and conditional <u>voluntary discounts of over $70,000</u> ("**Fee Discounts**")[1], Movant requested

payment in the amount of $552,833.04 and the net reimbursement of expenses in the amount of

$1,097.28 (the "**Interim Fee Payment**"). On December 15, 2015, this Court approved the

Interim Fee Motion and authorized the payment of the Interim Fee Payment [Docket No. 130]

("**Interim Fee Order**"), which monies Movant received on December 21, 2015.

Movant suggested, and this Honorable Court has concurred with, at subsequent status

hearings in the Chapter 11 Case the following regarding the format of this Motion: Given the

extensiveness of the Interim Fee Motion and the circumstances of the Chapter 11 Case, including

the vast majority of Movant's services having occurred prior to the date of the Interim Fee

Motion, that this Motion for final allowance be more in the form of a supplement to the Interim

Fee Motion rather than a complete repetition of the lengthy and detailed descriptions of the

Chapter 11 Case and the services rendered by Movant set forth in the Interim Fee Motion. This

Motion has been prepared consistent with this approach, but still contains such summaries,

descriptions and legal support as Movant believes are necessary under the circumstances given

the amount of the overall final compensation sought.

C.    <u>**Sale of Debtor's Assets**</u>

The Debtor's only asset having any value for the benefit of the Debtor's creditors was the

Debtor's ownership of one hundred percent (100%) of the issued and outstanding stock of PNA

Bank, a federal savings bank (the "**Bank**" or the "**Bank Stock**"). The Chapter 11 Case was filed

---

[1] The Fee Discounts in the Interim Fee Motion consisted of a $50,000 Voluntary Reduction of the fees incurred in all Categories other than Fee Petition Preparation; and the Voluntary Reduction of $20,210.99 in the Fee Petition Preparation Category.  The Fee Discounts and "Additional Voluntary Reductions" as defined below, are all conditioned upon there being no objections to the final fees requested in this Motion and Movant reserves the right to eliminate the Fee Discounts and Additional Voluntary Reductions, and seek full allowance thereof, should there be any objections raised to the relief sought in this Motion.
550892_4

for the sole purpose of selling the Bank Stock, as it was the only way for the Debtor to generate

any distribution to its creditors for their outstanding claims.  After over 2½ years of continuing

effort, the Debtor, with the extensive assistance of Movant, was able to accomplish the sale of

the Bank Stock. On December 23, 2014, this Court entered that certain Order Authorizing Sale

of Substantially All of the Assets of the Debtor Free and Clear of Liens, Claims, Encumbrances

and Interests and Awarding Related Relief to Royal Financial, Inc. ("**RFI**") [Docket No. 101]

("**RFI Sale Order**").  After the entry of the RFI Sale Order, RFI promptly filed applications for

the necessary federal and state regulatory agency approvals.  After nine (9) months of diligent

efforts by RFI and its counsel, with the assistance of the Debtor and Movant, all necessary

approvals were secured, and the sale of the Bank Stock to RFI closed on September 30, 2015

("**RFI Sale**" or "**RFI Sale Closing**").  The RFI Sale Closing generated a payment to the Debtor

of $1,200,000.00 of closing proceeds ("**RFI Sale Proceeds**"), all of which were directly wired

and have since been maintained by Movant in a client trust fund account at JPMorgan Chase

Bank, N.A. ("**A&G FLC Trust Account**"), less only the Interim Fee Payment authorized by the

Court and for transfers in the amount of $6,475.00 to the Debtor's operating account for the sole

purpose of paying the Debtor's quarterly U.S. Trustee's fees, and $1,600.00 for annual corporate

filing fees with the Secretary of State's office which have been determined do not need to be

disbursed.

     **D.**    **Specific Time Periods of this Chapter 11 Case**

For ease of a better understanding of what transpired throughout the first 2½ years of this

Chapter 11 Case, the Interim Fee Motion described in detail the five (5) principal segments, or

"Time Periods" of the Chapter 11 Case up to the date of Interim Fee Motion. For the most part,

all Time Periods directly corresponded to a specific category of time entries set forth on

550892_4

4

Movant's Statements of Services Rendered and attached to the Interim Fee Motion as Exhibits A

- H, with a few exceptions for services rendered that were included in more than one Time

Period. The five (5) Time Periods identified in the Interim Fee Motion were:

(1)    The "First American Bank Sale Efforts and Alesco TRUPS Negotiations" -

approximately three (3) months - First American Sale Efforts part of Time Category C below,

and Alesco TRUPS Negotiations part of Time Category D below;

(2)    The "Grupa TRUPS Debt Acquisition/Plan of Reorganization Efforts" -

approximately one (1) year - Time Category E below;

(3)    The "Alliance Bancshares TRUPS Debt Acquisition/Dismissal Efforts" -

approximately three (3) months - Time Category F below;

(4)    The "Royal Financial Sale Efforts" - approximately three (3) months - part of

Time Category C below; and

(5)    "Post-RFI Sale Order Efforts" - approximately one (1) year - part of Time

Category C below.

**Time Period 6 - the "Chapter 11 Case Closing Efforts" - approximately six (6)**

**months.**        Since the Interim Fee Motion, there has been a sixth (6th) specific period of time

from November 1, 2015 through May 6, 2016, Movant's projected outside date for completion of

all Chapter 11 Case closing tasks, during which Movant has rendered additional services on

behalf of the estate (collectively, **"Time Period 6")**.  Services rendered during Time Period 6

appear in Time Category A, Administrative Services; and to a far lesser extent, in Time Category

G, Avoidance Action Efforts; and Time Category H, Fee Petition Preparation, as reflected below.

The services rendered during Time Period 6 in Time Category A, Administrative Matters,

consist of (a) monitoring the Chapter 11 Case and assisting in the preparation and filing of the

Debtor's monthly debtor in possession operating reports and remitting quarterly fee payments; (b) attending status hearings before the Court; (c) formulating, preparing and filing the Chapter 11 Dismissal Motion; and (d) addressing the following tax return issues.

Before the Chapter 11 Case could be dismissed, it remained necessary to complete and file the 2015 Tax Return for the Bank and the Debtor. Under the RFI asset purchase agreement, the accountants for the Bank would prepare the Bank's necessary tax returns (**"Bank Tax Return"**), which would then be absorbed into a consolidated return to be filed by the Debtor (**"Consolidated Tax Return"**).

The Bank Tax Return for 2015 was critical to the conclusion of the Chapter 11 Case inasmuch as the RFI Sale and any resulting tax implications would need to be taken into account in determining the amounts available for distribution to the creditors of the Debtor's estate. The Bank Tax Return was completed in late 2015.  There was thereafter an inordinate delay in the preparation of the Consolidated Tax Return, which the Bank's accountants attributed to workload and the need to thoroughly vet the underlying calculations from the Bank Tax Return.

The Consolidated Tax Return was only recently competed recently, thus allowing the filing of the Chapter 11 Dismissal Motion and this Motion. The accountants determined there was no liability for the Debtor under the Consolidated Tax Return and the Debtor can now proceed to distribute the funds in the Chapter 11 Case, as requested in the Chapter 11 Dismissal Motion. There will be $3,000.00 needed for the accounting fees to prepare the Debtor's final 2016 tax return. Such amount is addressed in the chapter 11 Dismissal Motion. The Bank's accountants have advised the Debtor there will be no resulting tax liability, and therefore, no need to delay the dismissal of, and distribution of all funds in, the Chapter 11 Case.

The services rendered during Time Period 6 in Category G, Avoidance Actions, consisted primarily of taking the steps necessary to preserve certain avoidance actions Movant and the Debtor had heretofore identified, which at this point they do not believe are worth pursuing.

The services rendered during Time Period 6 in Category H, Fee Petition Preparation, consist of the preparation of this Motion.

### E.    Prior Compensation Paid to Movant.

Pursuant to the Interim Fee Order, after application of Movant's prepayment in the amount of $53,767.93 as of the Petition Date (the "**Prepayment**"), a single prior payment of $25,000.00 under the Court approved monthly payment procedure (the "**Prior Payment**") and the Fee Discounts of over $70,000.00 of services rendered, Movant received the sum of $552,833.94 for professional legal services rendered and the sum of $1,097.28 for costs incurred, as more fully described in the Interim Fee Motion.

### F.    Final Allowance of Compensation and Reimbursement of Expenses.

In addition to the Fee Discounts, in the interest of accommodating the creditors in the Chapter 11 Case, Movant is proposing two (2) additional voluntary reductions in connection with the payment of final compensation sought herein (collectively, the "**Additional Voluntary Reductions**") **totaling approximately $15,920.00, representing almost 30% of the total Time Period 6 time, including projected closing tasks through May 6, 2016, and consisting of the waiver of the following amounts: (1) $5,920.00, which represents approximately 13.4% of the additional compensation sought herein for services rendered during Time Period 6; and (2) approximately $10,000.00, which Movant estimates it will incur from and after the filing of this Motion and the Chapter 11 Dismissal Motion for the preparation and presentment of both motions, and the tasks necessary to complete the administration of this Chapter 11**

**Case to the projected date of the dismissal of the Chapter 11 Case[2].** Movant certainly recognizes that this Court's determination of any allowance of final compensation paid to Movant could be more or less than any voluntary reduction proposed by Movant. The Additional Voluntary Reductions would be applied toward the "Final Payments", as defined below.

In total, as reflected herein, Movant has expended approximately 1,614.80 hours of professional legal services in this Chapter 11 Case (including the preparation of this Motion) and subject to the above, requests allowance and payment of final compensation for services rendered in this Chapter 11 Case, including the preparation of this Motion, and reimbursement of expenses incurred in this Chapter 11 Case, in the total aggregate amounts of $743,674.00 and $3,840.57, respectively. As a result, and net: (1) of payments received under the prior orders of this Court including the Prior Payment and Interim Fee Order; (2) the Additional Voluntary Reductions; (3) the Fee Discounts; and (4) the Prepayment - the final and additional payments sought herein for compensation and reimbursement of expenses to Movant as part of the dismissal of the Chapter 11 Case would be in the amounts of $38,233.00 and $451.43, respectively (collectively, the **"Final Payments"**). For purposes of clarity, the final allowance sought to be approved by this Motion, in the aggregate for the entire Chapter 11 Case is inclusive of the Final Payments. As such, notwithstanding the final allowance of the aggregate amounts reflecting the entire Chapter 11 Case, the only additional payments Movant would receive under this Motion are the Final Payments.

---

[2] In the event that the Chapter 11 Case is not dismissed on or before Movant's projected date of May 6, 2016, Movant reserves the right to amend this Motion by withdrawing the Additional Voluntary Reductions and including all legal services rendered and costs incurred as counsel to the Debtor from and after the date of this Motion, and continuing through and including whenever this Chapter 11 Case is resolved, whether by dismissal or otherwise.
550892_4

8

## II.   <u>LEGAL SERVICES RENDERED</u>

For ease of reference, Movant has identified and set forth eight (8) categories of legal services.  Each category contains a narrative of the matters involved; a general description of the tasks performed; detailed time records in chronological order, with each attorney's time described therein, and the nature and purpose of such entries; and the result achieved or benefit to the estate, as required by <u>In re Wildman</u>, 72 B.R. 700 (Bankr. N.D. Ill. 1987); <u>In re Pettibone Corporation</u>, 74 B.R. 293 (Bankr. N.D. Ill. 1987); and <u>Matter of Continental Illinois Securities Litigation</u>, 962 F.2d 566 (7th Cir. 1992).

For matters of clarity, Movant's services from and after the date of the Interim Fee Motion were limited to only three (3) of the eight time categories, these being Category A, Administrative Matters; Category G, Avoidance Action Efforts; and Category H, Fee Petition Preparation.  <u>Accordingly, the **only** time entry exhibits attached hereto and made a part hereof are Statements of Services attached hereto as Exhibits 1 - 3 for Time Period 6 services rendered in Categories A, G and H.  Exhibit 4 represents expenses incurred by Movant during Time Period 6.  Given the supplement nature of this Motion, and voluminous amount of Exhibits A - I attached to the Interim Fee Motion showing all services rendered and costs incurred through the first 2 ½ years of the Chapter 11 Case, Movant has not duplicated those exhibits by adding them to this Motion. However, as stated above, all such exhibits to the Interim Fee Motion are expressly incorporated herein and made a part hereof by express reference thereto.</u> If the Court or any party in interest in the Chapter 11 Case wants Movant to re-file all Statements of Services rendered and costs incurred throughout the Chapter 11 Case combining all exhibits to the Interim Fee Motion and this Motion, Movant will be happy to do so.

550892_4

9

As can be seen, the majority of the time expended in this Chapter 11 Case was rendered by Chad H. Gettleman and Henry B. Merens. In certain instances, scheduling conflicts and the complexities of the Chapter 11 Case required the services of additional members of Movant. The intricacies of the Chapter 11 Case required the time and attention of Messrs. Gettleman and Merens, among other members of Movant, to, at often times, the almost total preclusion of other matters.  The efforts required and expended by members of Movant during the Chapter 11 Case amply support the allowance of final compensation requested herein.

## Services Rendered During the Almost 3 Year Chapter 11 Case

The total of all services rendered during the Chapter 11 Case by category and by attorney may be summarized as follows (including all amounts reflected in the Interim Fee Motion and Time Period 6[3]):

| Category | Total Hours | Time Value |
|---|---|---|
| A.  Administrative Matters | 309.70 | $ 141,686.50 |
| B.  Debtor in Possession Financing Issues | 42.80 | $   18,119.00 |
| C.  Asset Sale Efforts | 549.60 | $ 251,571.00 |
| D.  Alesco TRUPS Negotiations | 146.50 | $   65,870.50 |
| E.  Grupa TRUPS Acquisition/ Plan of Reorganization Efforts | 265.60 | $ 125,751.00 |
| F.  Alliance Bancshares TRUPS Acquisition/Dismissal Efforts | 127.20 | $   60,294.00 |
| G.  Avoidance Actions Efforts | 35.50 | $   14,879.50 |
| H.  Fee Petition Preparation | 137.90 | $   65,502.50 |
| **TOTAL ALL CATEGORIES** | **1,614.80** | **$ 743,674.00*** |

**\*Before all voluntary deductions as set forth herein.**

---

[3] Totals for Time Period 6 entries only are 94.40 hours and $44,153.00.
550892_4

| Attorney | Hours | Rate | Value |
|----------|-------|------|-------|
| CHG | 666.10 | $475.00 | $ 316,397.50 |
| HBM | 696.60 | $475.00 | $ 330,885.00 |
| APS | 118.80 | $415.00 | $  49,302.00 |
| ESB | .40 | $385.00 | $     154.00 |
| SBC | 79.30 | $385.00 | $  30,530.50 |
| NRD | 5.80 | $150.00 | $     870.00 |
| AFB | 47.80 | $325.00 | $  15,535.00 |
| **TOTAL ATTORNEYS[4]** | **1,614.80** | | **$ 743,674.00*** |

**\*Before voluntary deductions as set forth herein.**

## A.    ADMINISTRATIVE MATTERS

**Services Rendered During Chapter 11 Case\***

| Attorney | Hours | Rate | Value |
|----------|-------|------|-------|
| CHG | 106.40 | $475.00 | $  50,540.00 |
| HBM | 144.90 | $475.00 | $  68,827.50 |
| APS | 17.50 | $415.00 | $   7,262.50 |
| ESB | 0.40 | $385.00 | $     154.00 |
| SBC | 29.00 | $385.00 | $  11,165.00 |
| AFB | 11.50 | $325.00 | $   3,737.50 |
| TOTAL | 309.70 | | $141,686.50 |

\*    Included in the above totals for Category A are the services rendered during Time Period 6 only by CHG (10.10 hours; $4,497.50), HBM (60.10 hours; $28,547.50), SBC (6.30 hours; $2,425.50), and AFB (.80 hours; $260.00), for total Time Period 6 of 77.30 hours; $36,030.50). All others remained unchanged.

**_Exhibit 1 attached hereto and made a part hereof reflects all services rendered by Movant for administrative matters during Time Period 6._**

---

[4] Totals for Time Period 6 entries only per attorney are: CHG (21.80 hours; $10,355.00); HBM (65.50 hours; $31,112.50); SBC (6.30 hours; $2,425.50); and AFB (.80 hours; $260.00), for totals of 94.40 hours; $44,153.00). All others remained unchanged.
550892_4

## B.   DEBTOR IN POSSESSION FINANCING ISSUES[5]

### Services Rendered During Chapter 11 Case

| Attorney | Hours | Rate | Value |
|---|---|---|---|
| CHG | 6.40 | $475.00 | $ 3,040.00 |
| HBM | 7.00 | $475.00 | $ 3,325.00 |
| APS | 14.50 | $415.00 | $ 6,017.50 |
| SBC | 14.90 | $385.00 | $ 5,736.50 |
| TOTAL | 42.80 | | $ 18,119.00 |

## C.   ASSETS SALE EFFORTS[6]

### Services Rendered During Chapter 11 Case

| Attorney | Hours | Rate | Value |
|---|---|---|---|
| CHG | 181.20 | $475.00 | $ 86,070.00 |
| HBM | 258.30 | $475.00 | $ 122,692.50 |
| APS | 65.40 | $415.00 | $ 27,141.00 |
| SBC | 33.00 | $385.00 | $ 12,705.00 |
| AFB | 6.90 | $325.00 | $ 2,242.50 |
| NRD | 4.80 | $150.00 | $ 720.00 |
| TOTAL | 549.60 | | $ 251,571.00 |

## D.   ALESCO TRUPS NEGOTIATIONS[7]

### Services Rendered During Chapter 11 Case

| Attorney | Hours | Rate | Value |
|---|---|---|---|
| CHG | 67.30 | $475.00 | $ 31,967.50 |
| HBM | 43.70 | $475.00 | $ 20,757.50 |
| APS | 17.40 | $415.00 | $ 7,221.00 |
| SBC | .70 | $385.00 | $ 269.50 |
| AFB | 17.40 | $325.00 | $ 5,655.00 |
| TOTAL | 146.50 | | $ 65,870.50 |

---

[5] The attorney hours and values are unchanged from the Interim Fee Motion as no services in this category were rendered during Time Period 6.

[6] The attorney hours and values are unchanged from the Interim Fee Motion as no services in this category were rendered during Time Period 6.

[7] The attorney hours and values are unchanged from the Interim Fee Motion as no services in this category were rendered during Time Period 6.

550892_4

12

### E.   GRUPA TRUPS DEBT ACQUISITION/
PLAN OF REORGANIZATION SALE EFFORTS[8]

#### Services Rendered During Chapter 11 Case

| Attorney | Hours | Rate | Value |
|---|---|---|---|
| CHG | 133.60 | $475.00 | $ 63,460.00 |
| HBM | 129.60 | $475.00 | $ 61,560.00 |
| APS | 1.40 | $415.00 | $     581.00 |
| NRD | 1.00 | $150.00 | $     150.00 |
| TOTAL | 265.60 | | $ 125,751.00 |

### F.   ALLIANCE BANCSHARES TRUPS
DEBT ACQUISITION/DISMISSAL EFFORTS[9]

#### Services Rendered During Chapter 11 Case

| Attorney | Hours | Rate | Value |
|---|---|---|---|
| CHG | 62.80 | $475.00 | $ 29,830.00 |
| HBM | 62.30 | $475.00 | $ 29,592.50 |
| APS | 2.10 | $415.00 | $     871.50 |
| TOTAL | 127.20 | | $ 60,294.00 |

### G.   AVOIDANCE ACTION EFFORTS

#### Services Rendered During Chapter 11 Case*

| Attorney | Hours | Rate | Value |
|---|---|---|---|
| CHG | 4.80 | $475.00 | $  2,280.00 |
| HBM | 16.50 | $475.00 | $  7,837.50 |
| APS | .50 | $415.00 | $     207.50 |
| SBC | 1.70 | $385.00 | $     654.50 |
| AFB | 12.00 | $325.00 | $  3,900.00 |
| TOTAL | 35.50 | | $ 14,879.50 |

---

[8] The attorney hours and values are unchanged from the Interim Fee Motion as no services in this category were rendered during Time Period 6.

[9] The attorney hours and values are unchanged from the Interim Fee Motion as no services in this category were rendered during Time Period 6.

550892_4

\*   Included in the above totals for Category G are the services rendered during Time Period 6 only by HBM (2.70 hours; $1,282.50). All others remained unchanged.

***Exhibit 2 attached hereto and made a part hereof reflects all services rendered by Movant for avoidance action matters during Time Period 6.***

## H.   FEE PETITION PREPARATION

### Services Rendered During Chapter 11 Case

| Attorney | Hours | Rate | Value |
|---|---|---|---|
| CHG | 103.60 | $475.00 | $ 49,210.00 |
| HBM | 34.30 | $475.00 | $ 16,292.50 |
| **TOTAL** | 137.90 | | $ 65,502.50* |
| **TOTAL AMOUNT SOUGHT** | | | **$ 41,871.51\*\*** |

\*   Included in the above totals for Category H are the services rendered during Time Period 6 only by CHG (11.70 hours; $5,557.50), and HBM (2.70 hours; $1,282.50), for total Time Period 6 of 14.40 hours; $6,840.00).  Discount proposed of this amount is $3,420.00, or 50%.

**\*\*Represents a proposed voluntary discount for services rendered in this category during the Chapter 11 Case in the amount of $23,630.99. This is a reduction of approximately 36% of the time incurred in preparing the Interim Fee Motion, this Motion and all related Exhibits. Included in such overall proposed voluntary discount is a proposed $3,420.00 discount for services rendered in this category during Time Period 6 only, representing 50% of the total time in this category expended during Time Period 6.**

***Exhibit 3 attached hereto and made a part hereof reflects all services rendered by Movant for preparation of this Motion.***

This Motion fully complies with the guidelines established by this Court in the Chapter 11 Cases of In re Pettibone Corp., 74 B.R. 293 (Bankr. N.D. Ill. 1987) and In re Wildman, 72 B.R. 700 (Bankr. N.D. Ill. 1987).  In that regard, Movant is entitled to receive compensation for the preparation of this fee petition in accordance with In re NuCorp Energy, Inc., 764 F.2d 655 (9th Cir. 1985). Not surprisingly, due to the complexities of this Chapter 11 Case and the

substantial commitment and services rendered by Movant throughout the Chapter 11 Case, the

efforts needed to properly reflect such services in this Motion have taken a significant time.

Although a number of courts in this District have not set any guidelines for the percentage of fee

petition time preparation compared to the total fees sought, Movant has nonetheless utilized a

7.7% factor, consistent with other suggested guidelines of 7.5% which may have been utilized in

the past.

### III.    STANDARDS FOR REVIEW OF MOTION

The Court need look no further than Local Rules and the opinions in In re Pettibone Corp.,

74 B.R. 293 (Bankr. N. D. Ill. 1987) and In re Wildman, 72 B.R. 700 (Bankr. N. D. Ill. 1987) for

the applicable standard of review of the Motion.  The court in Pettibone, at 74 B.R. 301 stated:

Under Sections 330 and 331 of the Code, professionals applying for fees must

demonstrate in writing  that their services were (1) actual; (2) necessary, and (3) reasonable.

Once services have been performed, Bankruptcy Rule 2016 requires that:

A person seeking interim or final compensation for services, or reimbursement of

necessary expenses, from the estate shall file with the court an Motion setting forth

a detailed statement of (1) the services rendered, time expended and expenses

incurred, and (2) the amounts requested.  (Emphasis in original.)

These detailed Motions establish the "actual", while an accompanying narrative explanation of

the "how" and "why" establishes the "necessary".

The primary objective of any fee petition is to reveal sufficient data to enable the Court to

determine whether the services rendered were reasonable, actual and necessary.  In re

JensenFarley Pictures, Inc., 47 B.R. 557 at 582 (Bankr. D.Utah, 1985).

550892_4

15

While the court has wide discretion in reviewing a fee petition, such authority must be
dispensed with great care and fairness, In re Wildman, 72 B.R. at 705, while keeping in mind
that the well accepted goal is to encourage and induce capable attorneys to practice in the
Bankruptcy Court.  In re Pettibone, 74 B.R. at 306.

In analyzing a fee petition, the court must determine "what the lawyer would receive if he
were selling his services in the market rather than being paid by court order." Matter of
Continental Illinois Securities Litigation, 962 F.2d 566, 568 (7th Cir. 1992).  Moreover, as stated
in In re Boston and Maine Corporation, 726 F.2d 2, 10 (1st Cir. 1985), the court should focus on
the benefits to the estate and the quality of the performance of counsel in the context of
the Chapter 11 Case as a whole:

> Given these circumstances, it is important for a court to maintain "a sense of overall
> proportion,"Gabriel v. Southworth, 712 F.2d 1505, 1507 (1st Cir. 1983), and
> not "become enmeshed in meticulous analysis of every detailed facet of the
> professional representation," Lindy Brothers Builders, Inc. v. American Radiator &
> Standard Sanitary Corp., 540 F.2d 102, 116 (3d Cir. 1976) ("Lindy II").  It is easy to
> speculate in retrospect that the work could have been done in less time or with fewer
> attorneys or with an associate rather than a partner.  On the other hand, it is also
> possible that B&M would not have enjoyed the success it did had its counsel
> managed matters differently.  Feecutting "ideally should be tempered with a view
> towards the need for the services at the time they were rendered." In re Casco , 25
> B.R. at 756 (Emphasis in original.)

Movant has endeavored to prepare this Motion in accordance with the standards and
guidelines outlined in Pettibone and Wildman.

550892_4

16

Form of Motion

1.      Itemized Daily Entries - Categories A through H contain detailed entries listing

the subject activity; the date; the time spent; the nature of the services rendered; and the purpose

for same.  Explanations are included to inform the reader of the circumstances giving rise to the

activity.

2.      Telephone Conferences - Telephone conferences are detailed with disclosure of

the topic of discussion, as well as the person called and reason therefor.  Telephone conferences

are cost beneficial to the estate as they provide the most efficient way to handle the numerous

matters involved.

3.      Meetings and Conferences - Movant spent considerable time in meetings and

conferences as a means of performing the services required.  Where a meeting is described, the

persons present and topics discussed are set forth.

4.      Drafting - The drafting of documents, letters, motions and orders is clearly

delineated.  The complexity of the matters and the numerous parties involved often dictated

many revisions.

5.      Legal Research - While the members of Movant have devoted substantially all

their professional careers to the practice of commercial law, bankruptcy, insolvency and

corporate reorganizations, legal research was essential on numerous occasions in a Chapter 11

Case of these complications.  A lawyer who does not spend considerable time in the law library

is doing a disservice to his client, and will soon find out that the rapidly evolving field of

bankruptcy law is leaving him or her behind.  Indeed, the Seventh Circuit has recognized the

need and requirement for constant research and preparation by attorneys, even in their own

specialized areas of concentration.  See Continental Securities, 962 F.2d at 570 (when addressing

the fee request of securities lawyers in a class action securities lawsuit, the Court stated that "no

one carries the whole of federal securities law not only the many detailed statutes and regulations

but the thousands of decided Chapter 11 cases around in his head, and a lawyer who tries to

respond to a motion or brief without conducting fresh research is courting sanctions or a

malpractice suit.")

6.   <u>Minimum Time</u> - Movant does not apply a uniform amount of time to a particular

activity.  The time entries herein have been kept on a tenth of an hour basis.  The Court should be

sensitive, however, to the reality that bankruptcy Chapter 11 cases do not lend themselves to

meticulous time keeping.  Oftentimes, a lawyer's need to concentrate, the press of time and the

emotion and energy involved, interfere with time keeping with exacting detail.  Great care has

been utilized to keep reasonably accurate time.  Movant asks this Court to bear in mind the "big

picture" context hereinbefore described by the First Circuit Court of Appeals in the <u>Boston and

Maine</u> Chapter 11 case.

7.   <u>Lumping</u> - Movant has endeavored to avoid grouping a number of unrelated

activities into the same time entry.  The Court should, however, keep in mind that in a Chapter

11 Case of the complexity of this Chapter 11 Case, meetings or telephone conferences will

involve the discussion of numerous topics and several telephone calls may be made to a number

of parties in rapid succession on one or more topic areas.  The entries elaborately describe each

activity with identification of the party, the purpose of the activity and in many Chapter 11 cases,

the necessity thereof.  Such grouping is unavoidable, but the informative explanations herein

serve to further describe and delineate the time spent.

## IV.   BILLING JUDGMENT AND AVOIDANCE
## OF DUPLICATION OF SERVCES

As set forth in In re Pettibone, 74 B.R. at 303, Section 330 of the Code provides that

compensation for actual and necessary services makes the exercise of billing

judgment "mandatory" in bankruptcy fee petitions.   The estate should not bear the burden of

duplication of efforts which should be avoided by the exercise of good billing judgment.

Movant is a small firm, which by definition prevents any significant duplication of

efforts.   Herein, Chad H. Gettleman and Henry B. Merens have performed the vast majority of

services in connection with the representation of the Debtor.   The extensive efforts required in

this Chapter 11 Case have, of necessity, also involved other members of Movant.   Every effort

has been made to delineate specific tasks and in so doing, to prevent an unnecessary overlap in

representation.   While certain matters required joint consultations, duplication has been

judiciously avoided.   When two attorneys were needed, they were only involved due to the great

complexity of a given matter, the press of business, or if another member of the firm was

handling a matter in some way connected with another activity.   So, too, as with other matters,

certain interoffice conferences between partners of the firm or a partner and an associate

occurred as were necessary and beneficial for the estate.   The benefit to the estate from these

activities resulted in an associate being able to perform certain services which brought with it the

lowered rates of the associate and also the associate's greater availability to perform such

services.   It is not realistic to expect associates with limited experience in a Chapter 11 Case to

operate as efficiently as a partner with greater experience not only in a given Chapter 11

Case but in the practice of law.   Accordingly, some joint participation in a Chapter 11 Case of

this magnitude and activity is unavoidable.   In fact, however, such overlap ultimately resulted in

a more efficient and economic expenditure of time.

550892_4

In a Chapter 11 Case with issues as constantly urgent and complex as those presented to Movant here, at times certain problems required the collective judgment of the attorneys in the firm.  Again, however, a review of the detailed statement of services rendered by Movant in this Chapter 11 Case reflects that duplication of services, albeit at times necessary, was kept to an absolute minimum and in fact generated cost benefits to the estate.  The appropriateness of the billing judgment of Movant can best be supported by the following analysis of the factors set forth in In re Pettibone:

A review of this Motion will show that when interoffice conferences were required, they were required to analyze difficult situations and facilitate the coordination of effort. Movant has prepared this Motion to comply with the billing guidelines for office conferences as set forth in In re Adventist Living Centers, Inc., 137 B.R. 692, 697 (Bankr. N.D. Ill. 1991).  In conformity with Adventist Living Centers, Movant has billed only "active" attorney's time for office conferences, however, typically Messrs. Gettleman and Merens were both, of necessity, "active" attorneys in many conferences. However, if the office conference constituted (i) a "status" conference wherein one attorney advises another as to matters pending in a Chapter 11 Case and often assigns future work to be performed or (ii) a "strategy" conference wherein one or more attorneys determine the course of action to be taken, then Movant has billed for all attorneys involved in the conference.

In the approximately 1,614.80 hours render by Movant through the Chapter 11 Case (including the 94.40 hours in Time Period 6), there are few instances where more than one attorney attended a particular court appearance.  Meetings for particular matters have with rare exceptions been attended by only one attorney.  On certain occasions, it was necessary for more than one attorney to attend a meeting.  The use of more than one attorney was precipitated by the

fact that such meetings usually led to the delegation of several different activities, or involved

discussions concerning information that could best be gained firsthand.

Herein, Messrs. Gettleman and Merens have had a significant role in the representation of

the Debtor in those areas requiring the services of more experienced practitioners.   Where

appropriate, however, the legal work was handled by other members of the firm to take

advantage of lower billing rates.

Most of the legal research was performed by members of the firm with lower hourly rates

to further reduce the amount of fees in this Chapter 11 Case.

A careful review of the detailed time entries will reflect that where one attorney reviewed

the work product of another, it was necessary as a result of the press of time and complexity of

the matter involved.   The Court should be advised, however, that these instances are few, and at

no time was such a review simply a matter of interest.  Again, pursuant to the requirements

of Adventist Living Centers, only the active attorney's time is billed in this Motion for a

document review conference.

## V.     QUALIFICATIONS OF MOVANT; PRECLUSION OF EMPLOYMENT DUE TO ACCEPTANCE OF THIS CASE; AND COST OF COMPARABLE SERVICES.

Adelman & Gettleman, Ltd. was established in 1983 and has been listed in The

Martindale-Hubbell Bar Register of Preeminent Lawyers since approximately 1985. The firm is

the oldest and only Chicago bankruptcy boutique firm having its lawyers recognized in Illinois

Leading Lawyers Network; Naifeh and Smith's "The Best Lawyers in America,";

Woodward/White, World's Leading Lawyers by Chambers and Partners, Legal Publishers;

America's Leading Lawyers for Business, Chambers and Partners, Legal Publishers, The Best

Attorneys Network and Illinois "Super Lawyers".

550892_4

21

Movant has brought to bear on the problems of the Debtor the collective skill and experience of the following members of Adelman & Gettleman, Ltd.:

CHAD H. GETTLEMAN (CHG) - Shareholder:

Mr. Gettleman is a 1976 graduate of Marquette University Law School and is licensed to practice in the States of Illinois and Wisconsin.  Upon graduation from college at the University of Illinois, Mr. Gettleman became a Certified Public Accountant.  Mr. Gettleman was formerly a staff attorney for the Division of Corporate Regulation, Branch of Reorganization, of the United States Securities & Exchange Commission, specializing in corporate reorganization.  Mr. Gettleman joined the S.E.C. in 1976, where he served until 1979.

In 1979, Mr. Gettleman became associated with the firm of Schwartz, Cooper, Kolb & Gaynor.  In 1981, Mr. Gettleman became associated with the firm of Richards & Ralph, Ltd. In 1983, Mr. Gettleman formed the law firm of Adelman & Gettleman, Ltd. with Howard L. Adelman, both of whom remain the sole shareholders of the firm. Mr. Gettleman has been involved in major bankruptcy Chapter 11 Cases since 1976 and has confirmed numerous plans of reorganization.  Mr. Gettleman has devoted his entire almost 40 year professional practice exclusively to the areas of commercial litigation, bankruptcy, insolvency and corporate reorganization since entering practice in 1976.

From 2004 - 2016, Mr. Gettleman has been chosen by his peers as a member of the Illinois Leading Lawyers Network for Bankruptcy and Workout Lawyers, and has also been listed in The Best Attorneys Network in the areas of bankruptcy and reorganization.  From 2005 - 2016, Mr. Gettleman was elected by his peers as an Illinois "Super Lawyer" in the area of bankruptcy and reorganization. He is the co-author of "Inside The Minds: Attracting and Retaining Clients", *Aspatore Books*, Thomson-Reuters, 2008; co-author of "Representing the

Secured Creditor and Adequate Protection," *Business Bankruptcy Practice*, 2011, Co-author, Illinois Institute for Continuing Legal Education; and has spoken at various Chicago Bar Association Bankruptcy committee meetings, and Illinois Continuing Legal Education seminars and has been a guest speaker at a DePaul University master's program.

HENRY B. MERENS (HBM) – Partner

Since his admission to practice in 1981, Mr. Merens has concentrated in the areas of bankruptcy, real estate, civil litigation, and commercial transactions, and has had extensive experience in virtually all aspects of insolvency practice.  Mr. Merens has participated in numerous significant Chapter 11 cases, as counsel to debtors, creditors, creditors' committees, secured lenders, trustees and other parties.  As debtor's counsel, Mr. Merens has confirmed a number of Chapter 11 plans of reorganization and has successfully concluded multiple Chapter 11 liquidations involving going-concern sales of various business enterprises.  Mr. Merens has published several articles in the fields of bankruptcy and commercial practice, and has participated as a featured speaker at a seminar dealing with mortgage foreclosures in Illinois, speaking on the interplay of bankruptcy and the foreclosure process.  In April 2009, Mr. Merens participated in a panel discussion sponsored by the National Business Institute entitled "Bankruptcy Forum: What Judges and Trustees Want You to Know."  Mr. Merens covered the segment of the discussion concerning real estate issues in bankruptcy.  Mr. Merens has been selected by his peers to Illinois Super Lawyers multiple times.  Mr. Merens earned his B.A. degree at Trinity College and his J.D. degree at the Washington University School of Law.

ADAM P. SILVERMAN (APS) - Partner

Mr. Silverman regularly represents clients in out-of-court restructurings, such as workouts, forbearance arrangements, liquidations, and collection disputes, as well as in-court

550892_4

proceedings including liquidations and reorganizations under Chapters 7 and 11 of the U.S.

Bankruptcy Code. Mr. Silverman received his degree in economics in 1993 from the University

of Illinois, and a Master of Business Administration from DePaul University's Kellstadt Graduate

School of Business in 1995. Mr. Silverman graduated from the Chicago Kent College of Law,

with honors in 1998. During his studies, he served as a judicial extern for the Honorable Joan B.

Gottschall, U.S. District Judge for the Northern District of Illinois.

Mr. Silverman joined Movant as a first year associate in October of 1998 and was

elevated to partner in January 2004. In addition to practicing law with the firm, he has co-

authored a chapter in the Illinois Institute for Continuing Legal Education entitled "Representing

the Secured Creditor and Adequate Protection" published in IICLE's Business Bankruptcy

Practice handbook; guest lectured at the Chicago Bar Association and DePaul University; served

a two year term as a member of the Bankruptcy Liaison Committee for the Northern District of

Illinois; been named as "Rising Star" (2008, 2009, 2010) and "Super Lawyer" (2012, 2013, 2014,

2015) by his peers as part of the Illinois Super Lawyers publication; and been named a Leading

Lawyer in 2015.

<u>STEVEN B. CHAIKEN (SBC) – Partner</u>

Mr. Chaiken joined Movant in January 2007 and focuses his areas of practice in business

bankruptcy, reorganization and commercial litigation.  Mr. Chaiken is a 1997 graduate of the

University of Illinois, and graduated from the University of Illinois College of Law in 2000 *cum

laude*.  Prior to joining Movant, Mr. Chaiken served as the general counsel for a

telecommunications company in South Florida with annual revenues exceeding $150 million.

Mr. Chaiken successfully assisted the company through a lengthy Chapter 11 case which resulted

in a confirmed plan of reorganization.

550892_4

Since joining Movant, Mr. Chaiken has handled a wide range of matters and represented a variety of different clients, including individual debtors in chapter 7 bankruptcy cases, a real estate developer in a complex individual chapter 11 bankruptcy case, several corporate debtors in both chapter 7 and chapter 11 bankruptcy cases, and numerous individual and corporate clients in out-of-court workouts, including assignments for the benefit of creditors.

Mr. Chaiken became a partner in January 2013. He has been named as a "Rising Star" in the Illinois Super Lawyers Publication in 2010 through 2015. Mr. Chaiken received a Martindale Hubbell peer review rating of "AV Preeminent." In addition, Mr. Chaiken received a client distinction award from Martindale Hubbell.

ERICH S. BUCK (ESB) – Partner

Erich S. Buck represents corporate and individual debtors and creditors in workouts, liquidations, reorganizations and commercial litigation. Mr. Buck is a 1997 graduate of Northwestern University and in 2001 graduated from the University of Iowa College of Law. While attending the University of Iowa, Mr. Buck served as Managing Editor of the University's Journal of Gender, Race & Justice. Upon graduating law school, Mr. Buck served two years as law clerk to the Honorable Carol A. Doyle of the United States Bankruptcy Court for the Northern District of Illinois. Prior to joining Movant, Mr. Buck was an associate at Reed Smith LLP (formerly Sachnoff & Weaver, Ltd.), where his practice focused primarily on creditors' rights litigation. He joined Movant in 2007 and became a partner in January 2013. He was named a Rising Star in the Illinois Super Lawyers publication from 2009-2015. Mr. Buck is a member of the Bankruptcy Court Liaison Committee for the Northern District of Illinois, the American Bankruptcy Institute, and the Chicago Bar Association.

550892_4

## ALEXANDER F. BROUGHAM (AFB) – Associate

Mr. Brougham joined Movant in September 2012 and focuses his areas of practice in business bankruptcy, reorganization, and commercial litigation.  Mr. Brougham is a 2006 graduate of Colby College and in 2009 graduated from the Northeastern University School of Law.  Upon graduating from law school, Mr. Brougham served as law clerk to two bankruptcy judges in the United States Bankruptcy Court for the District of Massachusetts: first the Honorable Joel B. Rosenthal, then the Honorable Melvin S. Hoffman when Judge Rosenthal retired.  Mr. Brougham then served a one-year term as law clerk to the Honorable A. Benjamin Goldgar of the United States Bankruptcy Court for the Northern District of Illinois.

## NICHOLAS R. DWAYNE – Law Clerk

Mr. Dwayne is an attorney, licensed to practice in the State of Illinois in 2012, and joined Movant as a Law Clerk in 2011.  Mr. Dwayne is a 2012 graduate of the University of Illinois College of Law where he graduated cum laude, and focuses his practice in the area of bankruptcy, reorganization, and commercial litigation.  Mr. Dwayne was a finalist in the annual Duberstein Moot Court Competition while in law school and was an associate member of the Elder Law Journal.

The following is a summary of the legal services rendered by each member of Movant during the entire Chapter 11 Case:

## Services Rendered During Chapter 11 Case

| Attorney | Hours | Rate | Value |
|---|---|---|---|
| CHG | 666.10 | $475.00 | $ 316,397.50 |
| HBM | 696.60 | $475.00 | $ 330,885.00 |
| APS | 118.80 | $415.00 | $  49,302.00 |
| ESB | .40 | $385.00 | $     154.00 |
| SBC | 79.30 | $385.00 | $  30,530.50 |
| NRD | 5.80 | $150.00 | $     870.00 |
| AFB | 47.80 | $325.00 | $  15,535.00 |
| **TOTAL ATTORNEYS** | **1,614.80** | | **$ 743,674.00*** |

**\*Before total proposed voluntary discounts of $76,130.99.**

As a result of the acceptance of employment as counsel to the Debtor in this Chapter 11 Case, Movant was precluded from rendering services in other substantial legal matters.  Throughout the Chapter 11 Case, Messrs. Gettleman and Merens were required to spend a significant portion of their time on matters involving the Debtor.  The expertise of Messrs. Gettleman and Merens have been required in light of the complexity of the Chapter 11 Case.  The hourly rates charged by Movant are commensurate with the skill and expertise brought to bear on the duties and responsibilities of the Debtor, and are substantially less than the rates of many other bankruptcy practitioners of similar or lesser experience.

Except with respect to the sharing of compensation authorized under Section 504(b) of the Code, Movant has not shared or agreed to share any award of fees received in connection with this Chapter 11 Case with any person, firm or entity.  There does not exist any agreement or

550892_4

understanding between Movant, associates or employees, and any other person, firm or entity with respect to the sharing of compensation herein.

## VI.   NOTICE

Six (6) days' notice of the presentation of the Motion, along with a copy of the Motion has been provided to all of the creditors of this estate and to all parties that have requested notice in the Chapter 11 Case via overnight mail, personal delivery, or ECF, as indicated on the certificate of service filed concurrently herewith. The request for shortened notice is based upon the limited number of claimants in this case, all of whom support or do not object to the shortened notice or to the relief sought. In light of these circumstances, the Debtor requests that the Court find sufficient notice has been given and expressly waive any further notice for cause.

## VII.   CONCLUSION

For the above and foregoing reasons, in consideration of the time and labor required and performed in this Chapter 11 Case; the novelty and difficulty of the matters herein; the skill required to properly and efficiently perform the legal services; the preclusion of employment of Movant in other matters due to the complexity of this Chapter 11 Case during the Chapter 11 Case; the customary fees involved in comparable matters; the complexity of this Chapter 11 Case; the nature of the matters; the experience, reputation and ability of Movant; the financial commitment required during throughout the Chapter 11 Case, and the results achieved; Movant respectfully requests that final compensation as counsel to the debtor in possession during the Chapter 11 Case in the aggregate and total amount of $743,674.00 (subject to Footnote 1 above), which includes additional final payment of $38,233.00 for Time Period 6, and the reimbursement of ordinary and necessary expenses incurred in connection therewith in the amount of $3,840.57, which includes expenses incurred during Time Period 6 of $451.43 (see Exhibit 4 attached

550892_4

28

hereto) sought herein, be determined to be reasonable and justified, and that the fees and costs

requested in the aggregate as set forth above, be allowed on a final basis, and that payment of the

Final Payments, as defined above, be made by the Debtor in this Chapter 11 Case by direction to

Movant to make such disbursement from funds currently on deposit in the A&G FLC Trust

Account, and for such other and further relief as is just.

Respectfully submitted,

ADELMAN & GETTLEMAN, LTD.

By      /s/ Chad H. Gettleman
        Chad H. Gettleman

CHAD H. GETTLEMAN, ESQ. (ARDC #944858)
HENRY B. MERENS, ESQ. (ARDC #6181695)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
(312) 435-1050

Attorneys for Debtor

550892_4